Albert E. Ziehme, Appellant, v. W. F. Metz, Appellee.

Gen. No. 5316.

1. CONTRACTS—*when for merchandise cannot be canceled.* A contract for the sale and delivery of merchandise being completed, a vendee has no right of cancellation.

2. INSTRUCTIONS—*upon what theory cause may be submitted.* A party has a right not only to tender his own theory of the cause, but likewise, without waiving his own theory, to tender instructions to meet the theory of the opposite party.

3. APPEALS AND ERRORS—*when cross errors essential.* In order to obtain a review of rulings adverse to the prevailing party, cross errors must be assigned.

Assumpsit. Appeal from the Circuit Court of Bureau county; the Hon. R. M. SKINNER, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

McDOUGALL, CHAPMAN & BAYNE, for appellant.

JAY L. SPAULDING, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Albert E. Ziehme is a wholesale dealer in jewelry at St. Louis, Missouri. W. F. Metz is a retail merchant in DuPue, Illinois. On July 15, 1908, J. H. Brown, agent for Ziehme, called on Metz at DuPue and sold him a bill of goods amounting to $198, Metz, at the time, giving Brown his written order addressed to Ziehme for such goods. The order contained a list of the goods contracted for and the prices, also a show case. The order provided that a discount of six per cent would be made for cash in ten days or settlement might be made in six equal installments, due in two, four, six, eight, ten and twelve months from date of invoice, providing purchaser sent, on the arrival of the goods at their destination, six acceptances covering the above payments. If settlement was not made as above provided the account was to be due and payable in cash. The order was received by Ziehme on July 16, and on that day its receipt was acknowledged and Metz informed by letter duly stamped and addressed that the goods would be shipped. On July 17, Ziehme shipped the show case to Metz by freight and Ziehme claims that on the same date the balance of the goods was shipped to Metz by express. Metz claims that the goods, with the exception of the show case, were not shipped until the 18th. On July 16, Metz wrote a letter to appellant countermanding the order, dated it the 15th, but did not mail it until the 17th, and it was not received by Ziehme until the 18th. Metz shipped back the goods that came by express, paying the express charges both ways, but did not return the show case. Ziehme refused to take back the goods and demanded payment therefor and on Metz's refusal to pay, brought this suit in assumpsit to recover the contract price for the goods with interest thereon, and filed a declaration containing the common counts and a special count on the order. Metz filed a plea of *non assumpsit* to which was attached an affidavit of merits to the whole of said cause of action on the ground that the order had been countermanded. A trial resulted in a verdict finding the issues for Metz. A motion for a new trial

was denied. Judgment was entered on the verdict and for costs against Ziehme and he prosecutes this appeal.

On the trial, over the objections of appellant, appellee was permitted to answer that he did not owe appellant anything. This error the court later attempted to cure by an instruction. Whether the cure was effective or not, is, from the view we take of the case, immaterial.

When appellant wrote and mailed the letter of July 16, he unquestionably bound himself to the acceptance of the order. Then the contract was completed. Bauman v. McManus, 10 L.R.A.(N.S.) 1138. No subsequent countermand could be effective and no earlier one is disclosed by the record, and it was not necessary that appellant should have shipped the goods before he received the countermand, as urged by appellee, in order to render him liable. Therefore it is unnecessary to consider the evidence relating to the question whether or not the goods were actually shipped by appellant before he received appellee's letter mailed the 17th, countermanding the order. It follows, therefore, that the judgment is not sustained by the law and the evidence.

Appellee, however, urges that appellant, by his instructions, conceded that it was necessary that he should have shipped the goods before he received the countermand in order to render appellee liable. Appellant's third instruction did tell the jury if appellant had shipped the goods before he received a countermand, they should find for him. But appellant requested, and the court gave, another instruction to the effect that if appellant had accepted the written order before the countermand, and afterwards shipped the goods, then the jury should find for him. It was the contention of appellant that he not only accepted the order but that he also shipped the goods before he received the countermand. He had the right to have his case submitted to the jury upon both propositions.

We do not think it can be said, as urged by appellee, that counsel for appellant in his argument in this court entirely abandoned the theory upon which he tried the cause in the lower court and has here adopted an entirely new theory

by urging that the order in suit became irrevocable and not subject to a countermand as soon as the letter of the 16th, accepting the terms of the order, was written and mailed. But, however that may be, we cannot, as urged by appellee, disregard counsel's argument and the authorities cited in support of this contention that the judgment is not supported by the law.

Fairbanks Co. v. Nicolai, 167 Ill. 242, relied on by appellee, was a suit for damages for depreciation in value of real estate occasioned by a nuisance, and the defendant in that case agreed with the plaintiff as to the measure of damages, and several instructions on the agreed measure of damages were given, and the court, on appeal, held that the defendant could not be permitted to abandon the theory to which it had assented on the trial and substitute another. There was no agreement between the parties to this suit as to the law, and we fail to preceive the application of the Fairbanks case to the case at bar.

Appellee sought to prove that he countermanded the order through Brown, appellant's agent, about thirty minutes after it was given, and that the agent agreed to consider the order as cancelled, but this proof was not admitted. No cross errors were assigned on the refusal of the court to admit this proof, and therefore we are not authorized to decide whether the order could be so countermanded or was so countermanded.

The judgment is therefore reversed and the cause is remanded.

*Reversed and remanded.*